UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

MICHAEL ADDERLY,

        Petitioner,

  -against-                          02-CV-821 (KMW)
                                        ORDER

UNITED STATES OF AMERICA,

        Respondent.

------------------------------------X

WOOD, U.S.D.J.:

    Petitioner Michael Adderly moves the Court to reconsider his sentence in light of the Supreme Court's recent decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). On February 23, 2005, the Court denied Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Petitioner states that his present motion is made in response to the Court's order denying his § 2255 petition, but "asks that the court not consider this request as a challenge to his conviction, but as a request that his rights be restored under the 6th Amendment based upon the wrongful imposition of an enhanced sentence." In so doing, Petitioner seeks to characterize his motion as something other than a collateral attack. For the reasons stated below, the Court denies the motion.

    Petitioner pleaded guilty before this Court on May 19, 1999,

1

to conspiracy to commit armed bank robbery; armed bank robbery; using and carrying a firearm, specifically, a semiautomatic weapon, during and in relation to a crime of violence; possession of a firearm while a convicted felon; conspiracy to make false statements to a licensed firearms dealer with respect to facts material to the lawfulness of the firearm; and conspiracy to obstruct, delay and affect interstate commerce by robbery.  The Court sentenced Petitioner to 204 months in prison, which was within the then-applicable Sentencing Guidelines range of 198 to 217 months.

The relief Petitioner seeks is expressly foreclosed by the Second Circuit's decision this month in Guzman v. United States, 2005 WL 803214 (2d Cir. Apr. 8, 2005).  Guzman held that "Booker is not retroactive, i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker issued." Guzman, 2005 WL 803214 at *4.

Petitioner's conviction became final on June 11, 2001, when the Supreme Court denied his petition for a writ of certiorari. Adderly v. United States, 533 U.S. 910 (2001).  Petitioner's direct appeals are exhausted, and his present motion is necessarily a collateral attack.  This motion for reconsideration must thus be denied, pursuant to the holding in Guzman.

The motion for reconsideration of sentence is denied.  The

Clerk of the Court is directed to close this case. Any pending motions are moot.

SO ORDERED.

Dated:  New York, New York
        June 29, 2005

                                    /s/ Kimba M. Wood
                                    Kimba M. Wood
                                    United States District Judge


Copies of this Order have been mailed to <u>pro se</u> Petitioner and to counsel for Respondent.